IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WANKE CASCADE DISTRIBUTION**            3:13-CV-00768-AC
**LTD., an Oregon corporation,**

                                                        **ORDER**

        **Plaintiff,**

**v.**

**FORBO FLOORING, INC., a**
**Delaware corporation**

        **Defendant.**

**BROWN, Judge.**

    Magistrate Judge John V. Acosta issued Findings and Recommendation (#19) on August 20, 2013, in which he recommends the Court grant in part and deny in part Defendant's Motion (#7) to Dismiss. Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

**I.   Portions of the Findings and Recommendation to which Plaintiff does not object.**

Plaintiff[1] does not object to the portions of the Finding and Recommendation in which the Magistrate Judge recommends the Court deny Defendant's Motion to Dismiss Plaintiff's claims for breach of contract, breach of the duty of good faith and fair dealing, and intentional interference with economic relations (IIER).

When a party does not object to portions of a Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation.  *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).  Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which Plaintiff does not object, the Court does not find any error.

The Court, however, notes a clerical error in the Findings and Recommendation.  In the body of the Findings and Recommendation in which the Magistrate Judge analyzes Plaintiff's claim for IIER, the Magistrate Judge concludes Plaintiff has adequately alleged a claim for IIER based on Defendant's attempts to sell its products to Plaintiff's customers immediately after

---

[1] Defendant, in whose favor the Findings and Recommendation runs as to these issues, also does not object.

2 - ORDER

notifying Plaintiff of the termination of the oral distributor agreement, but the Magistrate Judge also concludes Plaintiff's claim for IIER based on Defendant hiring one of Plaintiff's sales representatives is "not well founded." Nevertheless, in the Conclusion portion of the Findings and Recommendation the Magistrate Judge denies Defendant's Motion to Dismiss Plaintiff's IIER claim in its entirety. Having reviewed the legal principle at issue, the Court concludes both parts of the Magistrate Judge's analysis of Plaintiff's IIER claim are well-supported, and, therefore, the Court adopts the Findings and Recommendation as to that claim as herein modified; *i.e.,* granting in part and denying in part the Motion to Dismiss Plaintiff's IIER claim.

Accordingly, the Court grants in part Defendant's Motion to Dismiss Plaintiff's IIER claim to the extent that Plaintiff bases that claim on allegations that Defendant hired one of Plaintiff's sales representatives, but denies Defendant's Motion to Dismiss Plaintiff's IIER claim to the extent that Plaintiff bases that claim on Defendant's attempts to sell its products to Plaintiff's customers immediately after notifying Plaintiff of the termination of the oral distributor agreement.

**II. Portions of the Findings and Recommendation to which Plaintiff objects.**

Plaintiff objects to the portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendant's Motion to Dismiss Plaintiff's claims for

3 - ORDER

promissory estoppel and fraudulent misrepresentation. Plaintiff also seeks leave to amend its Complaint to seek to correct the deficiencies in its claims for promissory estoppel and fraudulent misrepresentation.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson*, 561 F.3d at 932; *Reyna-Tapia*, 328 F.3d at 1121.

Plaintiff reiterates in its Objections that the arguments contained in its Response to Defendant's Motion to Dismiss and stated at oral argument. This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

The Court, therefore, adopts the remainder of the Magistrate Judge's legal analysis. Because the Magistrate Judge will retain this case for further development, the Court concludes the Magistrate Judge is in the best position to address Plaintiff's request to amend, which Defendant opposes. Accordingly, the Court refers that issue back to the Magistrate Judge.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Acosta's Findings and Recommendation (#19) and, therefore, **GRANTS in part** and **DENIES in part** Defendant's Motion (#7) to Dismiss as follows:

1. **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for promissory estoppel;

2. **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for fraudulent misrepresentation;

3. **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for IIER to the extent that Plaintiff bases that claim on allegations that Defendant hired one of Plaintiff's sales representatives;

4. **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for IIER to the extent that Plaintiff bases that claim on Defendant's attempts to sell its products to Plaintiff's customers immediately after notifying Plaintiff of the termination of the oral distributor agreement;

5. **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for breach of contract; and

6. **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for breach of the duty of good faith and fair dealing.

The Court refers to the Magistrate Judge the request of Plaintiff for leave to amend its Complaint to correct the

5 - ORDER

deficiencies in its claims for promissory estoppel and fraudulent misrepresentation set out in the Findings and Recommendation.

IT IS SO ORDERED.

DATED this 10th day of December, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - ORDER