UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WANKE CASCADE DISTRIBUTION LTD., an Oregon corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>FORBO FLOORING, INC., a Delaware corporation,<br><br>        Defendant.<br>_____ | Case No.: 3:13-CV-768-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

  Defendant Forbo Flooring, Inc. ("Forbo"), failed to timely answer the Second Amended Complaint ("Complaint") filed by plaintiff Wanke Cascade Distribution, Ltd. ("Wanke"). Wanke now moves to strike specific allegations in Forbo's Answer to Second Amended Complaint

("Answer") as untimely and prejudicial, and Forbo seeks retroactive leave to file the Answer.

The court finds Forbo's failure to file the Answer in a timely manner was due to excusable neglect and did not unduly prejudice Wanke. Also, Forbo has not alleged a new defense in the Answer, the new factual allegations are not immaterial or impertinent, and Wanke will not be unduly prejudiced by such allegations. Accordingly, Forbo's motion to enlarge time should be granted, and Wanke's motion to strike should be granted with regard to Wanke's breach of its contract with Forbo and denied in all other respects.

*Background*

Wanke filed this action in state court on April 10, 2013. Forbo removed the action to this court on May 7, 2013, and filed a motion to dismiss the following week. On December 10, 2013, this court granted Forbo's motion with regard to Wanke's claims for promissory estoppel and fraudulent misrepresentation and denied the motion on the remaining claims. *Wanke Cascade Dist. Ltd. v. Forbo Flooring, Inc.*, No. 3:13-CV-00768-AC, 2013 WL 6493106 (Dec. 10, 2103).[1] Forbo filed its answer to the original complaint on January 22, 2014. Thereafter, the parties engaged in vigorous discovery, seeking the court's assistance on no less than six occasions to date and holding at least one contentious deposition in the court's jury room.

On November 3, 2014, Wanke sought leave to amend the original complaint to add or clarify factual allegations supporting Wanke's First, Second, and Third Claims for relief based on depositions and discovery, and to delete the claims previously dismissed by the court. The court granted the motion, which was unopposed, and Wanke filed the Complaint on November 4, 2014.

---

[1] Wanke initially requested leave to amend to cure the deficiencies in the dismissed claims but on January 7, 2014, advised the court it would proceed only on the remaining claims.

At Forbo's request, on December 9, 2014, Wanke produced a witness to testify about the new allegations in the Complaint. (Asai Decl. dated Dec. 12, 2014 ("Asai Decl.") ¶ 4.)

Forbo filed the Answer on December 12, 2014, without seeking leave of court. In a letter dated December 16, 2014, Wanke advised Forbo the Answer, which was due November 21, 2014, was not timely filed and that if Forbo did not agree to withdraw the Answer, Wanke would move to strike any new allegations in the answer. (McClory Decl. dated Jan. 5, 2015 ("McClory Decl.") Ex. A.) Forbo did not so agree and informed Wanke in subsequent communications that if Wanke refused to consent to the filing of the Answer, it would seek an order from the court allowing such filing. (McClory Decl. Ex. B at 3.) Forbo also offered to discuss and facilitate any discovery Wanke felt was necessary to respond to the new factual allegations before the discovery deadline passed. (McClory Decl. Ex. B at 1.)

On the same day it filed the Answer, Forbo served Wanke with a discovery request for documents relating to Wanke's procurement of IVC display racks for customers and sales of IVC to specified customers from 2011 to date. (Asai Decl. Ex. 2 at 5.) Wanke refused to respond to this request based on its untimely filing. (McClory Decl. Ex. A.)

Wanke filed the instant motion to strike on December 19, 2014, seeking to strike the following eight sentences from the Answer:

    1) Forbo then sent that revised press release to Wanke for comment.

    2) Wanke did not propose any further changes to the revised press release.

    3) By way of further response, on or about February 15, 2013 (some six weeks prior to termination) Wanke gave a script to its customer service staff to explain that to its customers that Forbo would begin to sell direct to retailers by April 1, 2013. *See* Forbo Ex. 100.

4) Prior to the termination, Wanke directed its sales people to meet with customers and urged them to replace their Forbl display racks with IVC display racks. *See* Forbo Ex. 126

.

5) By way of further response, Wanke breached its contract with Forbo by directed its sales people to meet with customers and urged them to replace their Forbo display racks with IVC display racks (see Forbo Ex. 126) and by encouraging customers to buy competitive products, rather than Forbo products.

6) On or about February 15, 2013 (some six weeks prior to the termination) Wanke gave a script to its customer service staff to explain that to its customers that Forbo would being to selling direct to retailers by April 1, 2013. *See* Forbo Ex. 100.

7) Wanke directed its sales people to meet with customers and urged them to replace their Forbo display racks with IVC display racks. *See* Forbo Ex. 126.

8) The remainder of the allegations in this paragraph are denied.

Forbo filed a motion for to enlarge the time to file the Answer on January 5, 2015.

*Legal Standards*

I. Rule 6 Motion to Enlarge Time

Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B) (2013). Similar to all of the Federal Rules of Civil Procedure, Rule 6(b)(1) is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (citation omitted). While litigants will normally be granted an enlargement of time in the absence of bad faith or prejudice to the adverse party, "[e]ven when the extension is sought after the time limit has expired, the good cause standard is satisfied merely upon a showing of excusable neglect." *Cal Trout v. F. E. R. C.*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009). The question of whether a mistake is excusable is an equitable one, taking into account all of the relevant

circumstances, such as "the danger of prejudice to [the nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

II. Rule 12 Motion to Strike

An answer must "state in short and plain terms" the defenses to each claim asserted against defendant in order to provide plaintiffs with fair notice of the defenses. FED. R. CIV. P. 8(b)(1)(A) (2014). Under Federal Rule of Civil Procedure 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiffs claim are proven." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (citation and quotations omitted). An insufficiently pleaded defense fails to comply with Rule 8 pleading requirements by not providing "plaintiff [with] fair notice of the nature of the defense" and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Rule 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534-535 (1994) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 706-07 (1990)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711.

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Motions to strike are generally viewed with disfavor and are not frequently granted. *See Bassiri v. Xerox Corp.*, 292 F. Supp. 2d 1212, 1220 (C.D. Cal. 2003), *rev'd on other grounds, Bassiri v. Xerox Corp.*, 463 F.3d 927 (9th Cir. 2006). Courts must view the challenged pleading in the light most favorable to the pleader. *Id.* Generally, "motions to strike should be denied unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001). However, a motion to strike "may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party." *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007).

*Discussion*

I.  Rule 6 Motion to Enlarge Time

Forbo concedes the Answer was due November 21, 2014, and that it failed to seek leave to file the Answer late. It now moves for an order retroactively enlarging the period of time to file the Answer and declaring the Answer filed or, in the alternative, seeks leave to refile the Answer at this time. In its opposition to Wanke's motion to strike, Forbo represented the delay in filing the answer was "due to the demands on counsel's schedule, a calendaring error by counsel and the need for client approval of the modifications." (Def.'s Resp. to Pl.'s Mot. to Strike at 3.)

Wanke urges the court to deny Forbo's motion for leave to file the Answer based on Forbo's

failure to engage in meaningful conferral prior to filing the motion, as required by the district's local rules. Local Rule 7-1 provides that "the first paragraph of every motion must certify that: . . . the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so[.]" LR 7-1(a)(1)(A) (2014). The purpose of Local Rule 7-1 is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention. *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004). District courts have broad discretion in interpreting and applying their local rules. LR 7-1(a)(2); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). The district court, in its discretion, may remedy a violation of Local Rule 7-1(a) by denying the motion. LR 7-1(a)(2).

Forbo's motion includes the required certificate of conferral. The record reveals the parties discussed the late filing of the Answer, with Wanke representing that if Forbo refused to withdraw the Answer it would file a motion to strike, and Forbo stating that if Wanke refused to consent to the filing of the Answer it would seek an order from the court allowing the filing. Based on these communications, it seems clear the parties were unable to resolve the dispute relating to the late filing of the Answer. Wanke argues Forbo failed to adequately confer, but it is clear from the parties' positions and the filing of Wanke's motion to strike that even if Forbo had provided the specifics of its intended motion, Wanke would not have agreed to the untimely filing of the Answer. The court finds the conferral meets the requirements of Local Rule 7-1.

Wanke alternatively argues the motion should be denied based on substantial prejudice. Wanke primarily relies on the arguments made in its motion to strike – that specific allegations in the Answer require additional discovery, will require another extension of discovery and pretrial

deadlines, and will result in additional expense. The court notes Wanke has moved to strike specific factual allegations, not the Answer in its entirety. Accordingly, Wanke's objection targets only these factual allegations. Any prejudice resulting from specific allegations will be addressed in the court's consideration of Wanke's motion to strike and is not legitimate grounds for disallowing the filing of the Answer as a whole.

Additionally, Wanke argues prejudice based on an inability to conduct discovery required by the new allegations in the Answer. Specifically, Wanke argues in its motion to strike that the untimely filing of the Answer deprived it of the opportunity to utilize written discovery requests, which had to be served no later than November 21, 2014, to meet the December 24, 2014, discovery deadline. Wanke did not file the Complaint until November 4, 2014. Even if Forbo had filed the Answer timely on November 21, 2014, Wanke would not have been able to serve written discovery requests in time to meet the discovery deadline. Furthermore, Forbo offered to facilitate discovery on the new allegations before discovery expired. Rather than accepting Forbo's offer and attempting to identify and obtain the desired discovery, Wanke filed its motion to strike, thereby eliminating any possibility of resolving discovery issues timely.

Forbo's proffered reasons for the delay in filing the Answer qualify as excusable neglect. Calendaring errors are not uncommon and the increased demands on the time of counsel and clients are not unusual during the Thanksgiving holidays. Wanke will not be prejudiced by the granting of the extension of time as Wanke's objections to the specific factual allegations will be considered by the court, below, including any prejudice resulting from an extension of the discovery deadline to allow additional discovery. Accordingly, Forbo's motion for an order retroactively enlarging the time to file the Answer to December 16, 2014, should be granted and the Answer accepted as filed.

II.  Rule 12 Motion to Strike

Wanke seeks to strike eight sentences from the Answer claiming they provide new factual responses to old allegations and assert a new breach of contract defense.  Wanke contends the new allegations are immaterial and impertinent, and the late addition of a new defense is prejudicial.

The first two objectionable sentences relate to a press release regarding the termination of the distributorship agreement between the parties.  The original allegations represent Forbo prepared the press release, provided a copy of such release to Wanke for review and comment, and modified the press release to accommodate Wanke's requests.  The two new sentences further explain that Forbo then forwarded the modified press release to Wanke and Wanke did not propose any further changes.

The existence of the press release and Forbo's attempts to work with Wanke on the wording of the press release were addressed in the original complaint and answer and are not new to the litigation.  Forbo's clarification in that Answer that Wanke had the opportunity to propose additional changes to the modified press release, but chose not to do so, does not raise substantially new issues requiring additional discovery.  The new allegations are relevant to Wanke's claim for intentional interference with economic relations and are neither immaterial or impertinent.  Wanke's motion to strike these two new sentences should be denied.

The remaining six objectionable sentences relate to Wanke's communications to customers that Forbo would soon begin selling directly to retailers, and directions to sales staff to encourage the replacement of Forbo display racks with IVC display racks as well as the purchase of competitor's products, rather than Forbo's products, prior to the termination of the distribution agreement.  Wanke construes these allegations as asserting a novel breach of contract defense two

weeks before the close of discovery.

Forbo does not assert a breach of contract defense in the Answer. The four affirmative defenses alleged in the Answer were the same four affirmative defenses alleged in the original answer. In paragraph 34, Forbo does allege Wanke's actions "breached its contract with Forbo". However, Forbo makes clear in communications with Wanke that the new allegations are relevant to Forbo's existing affirmative defenses and Wanke's claim for damages and were not intended to allege a new breach of contract defense.

In an email dated December 18, 2014, Forbo explains the discovery request for electronic spreadsheets providing information on IVC display racks and sales, which was served on Wanke the date the Answer was filed, "are critical to the issue of damages and mitigation". (McClory Decl. Ex. B at 2.) Forbo reiterates this position on December 19, 2014, stating the information relating to IVC display racks and sales "are clearly relevant to the merits of Wanke's damage claims." (McClory Decl. Ex. B at 1.) In its opposition brief, Forbo represents the new allegations provide additional factual support for the previously asserted affirmative defenses of waiver, estoppel, failure to mitigate damages, and unclean hands. Based on the representations of Forbo, the relevance of the new allegations to the existing affirmative defenses, and the absence of a clear assertion of a breach of contract defense in the Answer, the court finds Forbo has not alleged a new breach of contract defense at this late date. In the absence of a breach of contract defense, the reference to a breach of contract in paragraph 34 of the Answer becomes immaterial. Accordingly, the reference to Wanke's breach of its contract with Forbo should be stricken.

Wanke seeks damages for lost profits, loss of goodwill of customers, and lost goodwill and the opportunity for business relationships with additional suppliers. Evidence that Wanke increased

the sales of IVC products either immediately before or after the termination of the distribution agreement is relevant to the issue of lost profits, lost good well, and lost business opportunities, as well as the affirmative defenses clearly asserted in both of Forbo's answers. Wanke argued at hearing that the IVC allegations are not relevant to Forbo's mitigation defense because the IVC product is completely different from Forbo's product. Wanke's arguments are more appropriately resolved either by dispositive motion or at trial. Accordingly, these allegations are not immaterial or impertinent. However, the IVC allegations should be removed from the body of the Answer, where Forbo responds to specific allegations in the Complaint, and be added as factual support to Forbo's affirmative defense of mitigation of damages.

Any characterization of the objectionable factual allegations as "new" to the litigation requiring Wanke to engage in substantial discovery is belied by evidence the factual allegations were generated from documents provided by Wanke to Forbo, and that the parties have already addressed the documents in various depositions. Wanke's possession of the underlying documents and the existence of deposition testimony from its own representatives renders moot the need for additional discovery.

Forbo has not alleged a breach of contract defense in the Answer. The new factual allegations are relevant to Wanke's claims or Forbo's affirmative defenses and are not immaterial or impertinent. Documents supporting the new factual allegations were provided by Wanke and have been addressed in various depositions, elimnating the need for additional discovery and lessening any prejudicial impact on Wanke. Wanke's motion to strike should be granted with regard to the reference to Wanke's breach of its contract with Forbo in paragraph 34 of the Answer, and denied in all other respects.

*Conclusion*

Forbo's motion (#87) to enlarge time should be GRANTED, and Wanke's motion (#78) to strike should be GRANTED with regard to Wanke's breach of its contract with Forbo in paragraph 34 of the Answer, and DENIED in all other respects. Forbo should be directed to file an amended answer eliminating the reference to a breach of contract and moving the IVC allegations to the mitigation of damages paragraph within fourteen (14) days of the adoption of this Findings and Recommendation.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **March 31, 2015**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 16th day of March, 2015.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge