UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WANKE CASCADE DISTRIBUTION LTD.,** an Oregon corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>**FORBO FLOORING, INC.,** a Delaware corporation,<br><br>            Defendant. | Case No. 3:13-cv-768-AC<br><br>ORDER ON<br>OBJECTIONS TO WITNESSES |

ACOSTA, Magistrate Judge:

This order addresses the objections of plaintiff Wanke Cascade Distribution Ltd. ("Wanke"), to the witnesses designated by defendant Forbo Flooring, Inc. ("Forbo"), and Forbo's objections to Wanke's designated witnesses. The court has also issued a separate Order on Motions in Limine (the "Order")(ECF No. 196) containing its rulings on the parties' respective motions in limine. In the

PAGE 1 - ORDER ON OBJECTIONS TO WITNESSES

event of a conflict between this order and the court's ruling on the parties' motions in limine, the court's motion in limine rulings control.

## Summary

I. Wanke's Witnesses

    *A. Wanke's Witnesses Allowed to Testify over Forbo's Objections*

        1. Annalisa Baskett (relevancy objection deferred)

        2. Dave Flaum

        3. Victoria Haugen (relevancy objection deferred)

        4. Dan Lee

        5. Serena Morones

        6. John Sturla (relevancy objection deferred)

    *B. Wanke's Witnesses Allowed to Testify in Part*

        1. Bruce Buckwold

        2. Mark Buckwold

        3. Michael Halebian

        4. Brian Heagy

        5. Dean Morgan

    *C. Wanke's Witnesses Barred from Testifying*

        None

II. Forbo's Witnesses

    *A. Forbo's Witnesses Allowed to Testify over Wanke's Objections*

        1. Richard Born (by deposition only)

    2. Richard Buckwold (by deposition only)

  B. *Forbo's Witnesses Allowed to Testify in Part*

    1. Gene Berg

    2. Denis Darragh

    3. Morris Gocial

    4. Casey Johnson

    5. Jim Mannix

    6. Cherie McNabb

    7. Philip Vultaggio

  C. *Forbo's Witnesses Barred from Testifying*

    None

## Forbo's Objections to Wanke's Witnesses

I. General Objections

  *A. Wanke's witness statements do not comply with the letter or spirit of the JTMO's "detailed statement" requirement.*

**RULING: OVERRULED.**

Forbo contends Wanke's failure to provide witness statements that comply with the Jury Trial Management Order dated August 1, 2016 (the "JTMO") (ECF No. 142), hindered its ability to prepare for trial. Specifically, Forbo asserts Wanke's witness statements were not sufficiently detailed. Wanke argues the witness statements comply with the JTMO and adequately describe the testimony expected from each witness on direct examination.

Wanke's witness statements are sufficient under the JTMO and meet the court's expectations. Forbo's objection is OVERRULED.

B. *Unidentified witnesses.*

**RULING: OVERRULED.**

Forbo claims three of Wanke's witnesses, Annalisa Baskett, Victoria Haugen, and John Sturla, were identified for the first time in Wanke's witness list filed March 3, 2017. Forbo represents these witnesses were not disclosed as individuals likely to have discoverable information in Wanke's Initial Disclosures dated September 4, 2013, or its First Amended Initial Disclosures filed a year later. Each of the witnesses are expected to testify for fifteen minutes, with Baskett and Haugen testifying about Forbo's request for Wanke's customer list in 2012 and Sturla testifying about his involvement in the sales of Forbo to Sustainable Floors shortly after Forbo provided termination notice. Wanke claims Forbo has been aware of the witnesses for at least three years, because the individuals were identified in discovery provided by both parties. Additionally, Wanke asserts the witnesses are impeachment witnesses not subject to disclosure.

Wanke has established the failure to specifically disclose the identity of the witnesses was substantially justified or harmless. FED. R. CIV. P. 37(c)(1) (2017); *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Forbo became aware of the witnesses and their relevancy to this case through discovery. Wanke did not have an obligation to disclose the witnesses in their amended disclosures as their identities were made known to Forbo during the discovery process. FED. R. CIV. P. 26(e)(1) (2017). Furthermore, Wanke intends to call the witnesses solely for impeachment purposes and did not have any obligation to provide their identities to Forbo under Rule 26. FED. R. CIV. P. 26(a)(1)(A)(i) (2017). Forbo's objection is OVERRULED.

C. *Testimony concerning previously unidentified subject matter.*

**RULING: OVERRULED.**

Forbo objects to Wanke's attempt to call other flooring distributors to testify on topics not previously identified, such their experience in the flooring industry and Forbo's previous terminations of distributors over ten years ago. Wanke represents it advised Forbo of the relevant witnesses and disclosed they would testify to Forbo's relationship with a former distributor or Forbo's statements about Wanke's performance. A review of Wanke's First Amended Initial Disclosures reveals Wanke identified Dean Morgan, Michael Halebian, Dave Flaum, and Dan Lee as individuals who may have information about Forbo's relationship with a distributor and the termination of that relationship. Halebian and Lee were also listed as knowing about Forbo's statements with regard to Wanke's performance. The summary of testimony is more detailed but falls within the subject matter identified in the First Amended Initial Disclosures. The witnesses' description of their experience in the flooring industry is necessary to put the subsequent testimony in context. Forbo's objection is OVERRULED.

D. *Irrelevant Testimony*

**RULING: DEFERRED.**

Assuming the testimony of Baskett, Haugen, and Sturla is not otherwise excluded, Forbo objects to the witnesses' proposed testimony on relevance grounds. Wanke represents it intends to call these witnesses only for impeachment purposes. Accordingly, it is possible the witnesses will not testify. In the event they do testify, the relevancy of their testimony is dependent on the testimony of the witness they are called to impeach. The court is not able at this time to determine the relevancy of the proposed testimony. Ruling on this objection is DEFERRED.

E. *Reputation and Goodwill Damage Testimony*

**RULING: SUSTAINED.**

Wanke plans to elicit testimony from Bruce Buckwold, Mark Buckwold, and Brain Heagy on how Forbo's actions damaged Wanke's reputation, made customers question Wanke's viability and stop placing orders with Wanke, and prevented Wanke from finding a product line to replace Forbo. Forbo objects to this testimony, arguing Wanke is not seeking damages for loss of reputation or goodwill and should be barred from offering any evidence of such damages. Forbo claims evidence of loss of good will or reputation is irrelevant, unfairly prejudicial, and likely to confuse the jury. Wanke contends Forbo is conflating Wanke's request for monetary damages with its right to describe the reputational harm it suffered as a result of Forbo's actions.

In the Order, the court granted Forbo's motion in limine and excluded testimony on evidence that Forbo's actions injured Wanke's reputation or goodwill. Accordingly, Forbo's objection to testimony from Bruce Buckwold, Mark Buckwold, and Heagy on this issue is SUSTAINED.

*F. Buckwold Western's distributor relationship and experiences in Canada*

**RULING: SUSTAINED.**

Forbo objects to the introduction of testimony with regard to Buckwold Western's distributor relationships and experiences in Canada, specifically the testimony of Bruce Buckwold and Brian Heagy on this issue. Forbo asserts Buckwold Western is not a party in this case and Canadian law is irrelevant to Wanke's claims governed by the Uniform Commercial Code. Moreover, Forbo contends Bruce Buckwold's testimony with regard to Armstrong's termination of distributors is hearsay and Wanke never disclosed the importance of the Buckwold Western distributor agreements. Forbo asserts objections based on relevance, unfair prejudice, confusion, and risk of misleading the jury. Wanke relies on its response to Forbo's motion in limine on this issue, represents Bruce Buckwold has personal knowledge of Armstrong's termination of a carpet line, the notice it

PAGE 6 - ORDER ON OBJECTIONS TO WITNESSES

provided, and its effect on other distributors, and the expected testimony is limited to personal experience with distributor terminations and the notice provided.

The court found evidence relating to Canadian distributor relationships and the Canadian flooring industry is irrelevant to the application of the Uniform Commercial Code to a Pacific Northwest flooring distributor. This finding bars Wanke's attempt to offer testimony from Bruce Buckwold and Heagy on Buckwold Western's relationship with Armstrong and its experience in the Canadian flooring industry. Forbo's objection is SUSTAINED.

II. Specific Objections

　　*A. Dan Lee*

**RULING: OVERRULED.**

Forbo objects to Lee's testimony on his experience in the flooring industry as expert testimony and to his testimony on Forbo's termination of a distributor in 2005 as irrelevant. Lee may testify to his personal knowledge and experience in the flooring industry, as this testimony would be rationally based on his own perceptions, not based on specialized knowledge, and admissible under Rule 701. He may not testify to general industry standards or norms. Lee's testimony regarding Forbo's termination of a distributor is relevant to how Forbo treated other distributors and the reasonableness of the termination notice provided to Wanke, and is consistent with Forbo's intent to seek testimony from its previous distributors.

　　*B. Michael Halebian*

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Forbo objects to Halebian's testimony on his experience in the flooring industry as expert testimony, his testimony on Forbo's termination of a distributor in 2000 as irrelevant, and his

PAGE 7 - ORDER ON OBJECTIONS TO WITNESSES

statements with regard to Forbo's intent as conjecture.

For the reasons stated above, Forbo's objections to Halebian's testimony based on relevance and improper expert testimony are overruled. Haleblian may testify with regard to his own feelings generated by Forbo's actions but not with regard to Forbo's intent or purpose in taking such actions. Forbo's objections are SUSTAINED IN PART AND OVERRULED IN PART.

C. Dean Morgan

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Morgan is expected to testify to Forbo's relationship and termination of a distributor as well as his justification for Forbo's actions. Forbo objects, claiming Morgan is not an expert, the termination of the distributor in 2003 is irrelevant, and Morgan is improperly testifying about Forbo's state of mind and purpose. Generally, the rulings for Lee and Halebian apply equally to Morgan and, specifically, Morgan may describe Forbo's action but may not characterize them as unethical. Accordingly, Forbo's objections are SUSTAINED IN PART AND OVERRULED IN PART.

D. Dave Flaum

**RULING: OVERRULED.**

Forbo seeks to prevent Flaum from testifying about his experience in the flooring industry, identifying it as improper expert testimony. To the extent Flaum's testimony is limited to his personal knowledge and experience in the flooring industry, his testimony is admissible. Forbo's objection is OVERRULED.

E. Serena Morones

**RULING: OVERRULED.**

Serena Morones is Wanke's damages expert. Forbo objects to her testifying about the ability to use her damages model to calculate damages of any period less than one year, arguing these calculations were not revealed in her export report or rebuttal report. Morones estimated Wanke's damages for a full year only. Forbo argues her proposed method of calculating lesser periods of time do not accurately represent Wanke's damages because such damages are contingent on both Forbo's and Wanke's sales of Forbo during the relevant lesser period, which are not provided by Morones, and do not take trailing sales into account. Forbo also objects to Morones's testimony about Wanke's ability to sell Forbo and other products at the same time due to her lack of experience in the flooring industry. Wanke claims Morones testified at her deposition that her damages model could be used to calculate damages for any notice period before Forbo's damages expert prepared his expert report. Forbo was allowed the opportunity to depose Morones a second time after it received its own expert's report. Furthermore, Wanke does not intend to have Morones testify about industry standards but only explain the basis for her damage calculations and the assumptions she relied on in making those calculations.

Forbo was provided adequate and timely notice of Morones's intent to use her damages model to calculate damages for lesser periods of time. That this information was not in Morones's expert reports is not fatal. An expert may testify to matter beyond the scope of her initial report if there is little or no prejudice or surprise to the opposing party, any such prejudice or surprise can be cured, and the testimony was not willful or in bad faith. *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 422-23 (3rd Cir. 2006). "[T]he permissible scope of expert testimony is quite broad, and District Courts are vested with broad discretion in making admissibility determinations." *Id*. at 423. Both Forbo and its expert were aware of Morones's intent to testify that

her damages model can be used to calculate damages for a lesser period and had the ability to prepare for such testimony. There is no evidence Wanke's intent to offer evidence beyond Morones's reports was willful or in bad faith; it believed it had provided the proper notice to Forbo. If Forbo considers Morones's testimony to be unsupported by the evidence or otherwise erroneous, it is entitled to explore these deficiencies through cross-examination or through its own expert. With regard to Forbo' objection to Morones's testimony on industry standards, Wanke concedes Morones should not testify about industry standards and does not intend to elicit such testimony. Accordingly, Forbo's objection to Morones offering expert testimony is moot. Forbo's objections are OVERRULED.

## Wanke's Objection to Forbo's Witnesses

I.  General Objections

*A. Forbo should not introduce testimony from witnesses it disclosed without witness statements.*

**RULING: OVERRULED.**

Wanke objects to Forbo's submission of the deposition transcripts of Richard Born and Richard Buckwold. Wanke claims Forbo failed to comply with the court's order to provide "a detailed statement of each witness's expected testimony and an estimate of the length of the witness's direct testimony" found in the JTMO. The JTMO also required the parties to provide highlighted copies of the pages from each witness's deposition to be offered as substantive evidence. In a updated version of the Jury Trial Management Order emailed to the parties on January 24, 2017, the court specifically applies the witness list and statements requirements to deposition designations. Wanke claims the absence of a witness statement prevents it from ascertaining the scope of the expected testimony. Forbo contends it complied with the JTMO by indicating on its witness list it

intended to call Born and Richard Buckwold by deposition only and providing the relevant, highlighted deposition pages.

The JTMO is the controlling document in this case. The updated version was provided for convenience only and is not binding on the parties. The filing of highlighted pages from the depositions of Born and Richard Buckwold provided Wanke with adequate notice of the scope of the expected testimony. Wanke's objection to the transcript excerpts from the depositions of Born and Richard Buckwold offered by Forbo is OVERRULED.

> B. *Forbo's witnesses should not be allowed to testify about matters already determined by this court.*

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Wanke asserts the court rejected Forbo's defense based on Wanke's alleged breach of the oral distributorship agreement and determined that Forbo was obligated to provide Wanke with reasonable notice of termination as a matter of law. Consequently, Wanke objects to Forbo's witnesses testifying that Wanke breached the contract and Forbo was not required to provide Wanke with any notice of the termination. Wanke does not identify the witnesses affected by this objection. Forbo contends it is entitled to offer evidence on the amount of notice it was required to provide Wanke and Wanke's failure to fully perform its contractual obligations.

Wanke's objections are addressed in detail in the Order. Accordingly, Forbo may introduce evidence to support the reasonableness of the amount of notice it gave Wanke and to explain its reasons for deciding to give Wanke 60 days' notice of termination. It may not argue Wanke breached the parties' agreement and excused Forbo from further obligations under such agreement. Accordingly, Wanke's objection is SUSTAINED IN PART AND OVERRULED IN PART.

*C. Forbo's lay witnesses should not be permitted to testify to matters outside of their personal knowledge, including offering an opinion about what is reasonable notice in the flooring industry.*

**RULING: SUSTAINED.**

Wanke objects to Forbo's lay witnesses providing an opinion about what is reasonable notice of termination in the flooring industry. Wanke seeks to limit such witnesses' testimony to matters within the witnesses' personal knowledge. Forbo contends the witnesses' understanding of reasonable notice in the flooring industry is admissible to establish Forbo's good faith, is based on the witnesses' personal knowledge, and complies with Rule 701.

It is evident from the briefing the parties agree the testimony of the relevant witnesses, Gene Berg, Denis Darragh, Casey Johnson, and Jim Mannix, should be limited to the witnesses' personal knowledge. Additionally, the court found in the Order that these witnesses may testify, based on their personal knowledge and experience, about the length of notice provided when terminating distributor agreements in the flooring industry. The analysis and conclusion found in the Order are similarly applicable to other areas of concern, such as Darragh testifying about reasons for terminating a distributor agreement, Johnson's testimony with regard to Wanke's total commercial business as compared to residential business, Mannix describing Wanke's communications with Armstrong in 2010, or McNabb identifying lost Forbo sales due to Wanke's promotion of an alternative product. The witnesses may testify only to the extent of their personal knowledge and experience with regard to the relevant subject matter. Wanke's objection is SUSTAINED.

*D. Forbo's lay witnesses should not be permitted to testify about inadmissible hearsay.*

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Wanke objects to testimony offered by Forbo which qualifies as hearsay. Forbo does not

PAGE 12 - ORDER ON OBJECTIONS TO WITNESSES

respond to this objection. The court addressed the issue in the Order and ruled that Forbo's witnesses may testify to their personal observations of Wanke's alleged conduct and, to the extent relevant to Forbo's justification for providing 60 days' notice of termination, to communications from dealers' regarding their concerns with Wanke's efforts to promote Forbo products. Wanke's objection is SUSTAINED IN PART AND OVERRULED IN PART.

> E. Forbo's witnesses should not be permitted to offer testimony that Wanke's sales of "competitive" flooring products "replaced" its sales of Forbo linoleum.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Wanke asserts Forbo should not be allowed to present evidence of Wanke's sales of competitive flooring products after Forbo's termination of the distributor agreement to reduce Wanke's lost profits damages. Similarly, Wanke objects to testimony that sales of other flooring products replaced sales of Forbo products without first establishing Wanke, as a multi-line distributor, could not have sold both products. Forbo claims evidence of Wanke's sales of competitive products are relevant to Forbo's justification for terminating the distributor agreement, as well as the damages resulting therefrom.

In the Order, the court held evidence of Wanke's sales of competitive products is admissible for the purpose of establishing Forbo's justification for providing 60 days' notice of termination. However, the court found evidence of competitive sales was not relevant to Wanke's narrow claim for damages, explaining that every sale of a competitive product prevented a sale of Forbo, resulting in a decrease in the lost profits Wanke claims as damages. Consequently, evidence of competitive sales is not admissible for the purpose of decreasing Wanke's damages based on lost profits. This is consistent with the court's ruling in the Order. Wanke's objections are SUSTAINED IN PART AND OVERRULED IN PART.

*F. Forbo's witnesses should not be permitted to offer testimony regarding "competitive" products or "value engineering" because it has no relevance to the issues at trial.*

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

Wanke contends evidence that flooring products it sold were competitive with Forbo or that Wanke convinced customers to buy non-Forbo flooring through value engineering are not relevant to any issue in this trial. In the Order, the court found evidence that Wanke acquired competitive flooring lines and engaged in value engineering to steer customers away from Forbo products before the termination is relevant to the timing of the termination notice and Forbo's good faith. Accordingly, Wanke's objections are SUSTAINED IN PART AND OVERRULED IN PART.

*G. Forbo's witnesses should not be permitted to offer testimony that the unsigned 1993 Memo of Agreement governed the parties relationship.*

**RULING: OVERRULED.**

Wanke seeks to exclude evidence of the unsigned 1993 Memo of Agreement (the "Memo") and any argument the Memo governs the parties relationship. Forbo claims the Memo is relevant to the terms of the parties' oral agreement, the reasonableness of the notice, and whether Forbo acted in good faith.

The court agrees with Forbo. The Memo's notice provision and the parties' relationship, both before and after the Memo, is relevant to the reasonableness of the notice provided and the issue of good faith. Wanke's objection is OVERRULED.

II. Specific Objections

*A. Morris Gocial*

**RULING: SUSTAINED.**

Wanke objects to Gocial's testimony with regard to replacement sales of competitive

flooring. Wanke also objects to Gocial's use of the term "mitigation" to describe damage reductions resulting from Wanke's replacement sales rather than the failure to mitigate defense. These issues have been addressed above and in the Order. As Gocial's testimony is limited to the appropriate damage calculations and replacement sales are relevant only to the issue of Forbo's good faith and fair dealing, Gocial should not testify about replacement sales.

Wanke also questions whether Gocial is qualified to give expert testimony on standard practices in the flooring industry or Wanke's ability to sell multiple flooring product lines at the same time. Forbo asserts the testimony is relevant in rebuttal of the testimony of Wanke's damages expert, specifically her failure to reduce Wanke's damages for post-termination sales or account for the ability of Wanke's staff to spend more time on non-Forbo product lines after the termination. As the court explained in the Order, Gocial is not qualified to opine on any flooring industry standards or practices. Wanke's objections are SUSTAINED.

  *B. Philip Vultaggio*

**RULING: SUSTAINED IN PART, OVERRULED IN PART**

Wanke objects to Vultaggio's testimony on Wanke's sales of competitive flooring. Wanke also complains about Vultaggio's description of the theory of value engineering in the flooring industry. The court found the issues of replacement sales of competitive flooring and value engineering to be relevant to Forbo's good faith and fair dealing with regard to the termination notice provided to Wanke. Consquently, Vultaggio may testimony about these issues in this context.

Wanke seeks to limit Vultaggio's expert testimony about flooring industry standards, arguing Vultaggio was not retained to opine on damages and is not qualified to testify with regard to the amount of Wanke's damages or that Wanke was not damaged at all by Forbo's breach. Forbo

contends Vultaggio's thirty years of executive experience in the flooring industry qualifies him to testify with regard to the effect of the termination on Wanke's profitability. The court found in the Order that Vultaggio's proposed testimony with regard to Wanke's damages, or lack of damages, is irrelevant and will not assist the jury. This ruling also applies here. Forbo's objections are SUSTAINED IN PART AND OVERRULED IN PART.

C. *Denis Darragh*

**RULING: SUSTAINED.**

Wanke seeks to restrict Darragh from testifying about Canadian contract law. Forbo agrees with this restriction and, in fact, filed a motion in limine to exclude evidence of Canadian flooring industry distributor agreements and practices, arguing they are governed by Canadian law which is irrelevant to the issues before the court, which the court granted in the Order. Wanke's objection is SUSTAINED.

IT IS SO ORDERED.

DATED this 4th day of May, 2017.

    /s/ John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge