UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WANKE CASCADE DISTRIBUTION LTD.,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**FORBO FLOORING, INC.,** a Delaware corporation,<br><br>Defendant. | Case No. 3:13-cv-768-AC<br><br>ORDER ON OBJECTIONS TO IMPEACHMENT WITNESSES |

ACOSTA, Magistrate Judge:

In the Jury Trial Management Order entered on August 1, 2016 (the "Order"), the court directed the parties to file on or before February 24, 2017, a witness list and a detailed witness statement of each witness's expected testimony and estimated length of such testimony on direct. With regard to impeachment witnesses, the parties were required to identify any witnesses they

intended to call for impeachment purposes and provide a similar detailed witness statement directly to the court. The court subsequently extended the February 24, 2017, deadline for filing witness lists and statements to March 3, 2017. The Order also required the parties to file objections to witnesses on or before March 24, 2017.

Forbo identified Mark Andrew Drozda, Raymond John Eppley, Terry Goodall, Brian Heagy, Shawn William Loomis, Brian Radditz, and Dale Reimer as impeachment witnesses and provided the court a detailed witness statement for each on March 3, 2017. On March 24, 2017, Wanke filed detailed objections to Forbo's witnesses totaling twenty-seven pages but failed to object to the identification of the impeachment witnesses. At the May 3, 2017 pretrial conference, Wanke raised objections to the impeachment witnesses for the first time. Wanke seeks to limit the testimony of these impeachment witnesses to impeachment evidence only.

I. Use of Impeachment Witnesses.

After identifying the listed witnesses as impeachment witnesses, Forbo properly prepared witness statements for the impeachment witnesses and provided them to the court. Despite not having access to the impeachment witness statements, Wanke now impliedly objects to the contents of such witness statements, or at least to the impeachment witnesses testifying to the matters contained therein. Specifically, Wanke seeks to limit the impeachment witnesses to testifying about matters relevant solely to the impeachment of Wanke's witnesses. Wanke argues that to the extent the impeachment testimony is material to the merits of the case, it should be excluded.

The federal courts are split on the admissibility of impeachment evidence relevant both to the impeachment of a witness and the merits of the case. One view is that impeachment evidence should be limited to evidence which has value solely for the purpose of impeaching a witness. *See*

PAGE 2 - ORDER ON OBJECTIONS TO IMPEACHMENT WITNESSES

*Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV 11-2112-PHX DGC, 2013 WL 998222, *2, (D. Az. March 13, 2013); *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999). Under this view, any evidence which has relevancy to both impeachment and the merits of the case must be properly disclosed to the opposing party or be excluded. Judge Hubel of this district, however, adopted the alternate view that evidence offered to impeach a party is admissible even thought it is relevant to the substantive issues in the case. *See Halsbasch v. Med-Data, Inc.*, 192 F.R.D. 641, 650 (D. Or. 2000). Judge Hubel reasoned "[i]t is the rare case where an attack on a witness's credibility cannot be linked to some substantive element of a claim." *Id*. at 649-50.

The court adopts Judge Hubel's view in this instance for three reasons. First, Forbo seeks to offer testimony which contradicts other testimony in the record. Impeachment by contradiction, a form of impeachment Wanke acknowledges as proper in its brief, necessarily requires the offering of evidence relevant to the merits of the case. Second, despite having all of the relevant information, Wanke failed to object to Forbo's intended use of its impeachment witnesses at the time its objections to witnesses were due. Failing to object to the impeachment witnesses in a timely manner could be viewed as a waiver of such objection. Finally, the impeachment witnesses Forbo identified are all existing or prior employees of Buckwold Western or Wanke and were deposed. Accordingly, the testimony of the impeachment witnesses should not come as a surprise to Wanke and is unlikely to be unduly prejudicial to Wanke's case in light of the impeachment witness's bias in favor of Wanke.

It is evident from a review of the witness statements Forbo submitted it intends to elicit testimony relevant to its defense and the merits of the case, not merely impeachment testimony.

PAGE 3 - ORDER ON OBJECTIONS TO IMPEACHMENT WITNESSES

Forbo may call the witnesses only for the purposes of impeachment and is limited to eliciting testimony from the impeachment witnesses that, in fact, serves to impeach one or more of Wanke's witnesses. That this testimony is also relevant to the merits of the case will not result in the exclusion of such impeachment testimony.

II. Scope of Cross-Examination of Impeachment Witnesses.

The witnesses identified by Forbo as impeachment witnesses have also been identified as witnesses by Wanke, either in its case-in-chief or in rebuttal. In its cross-examination of these witnesses, Forbo may question the witness only on matters within the scope of the direct testimony and matters relevant to impeachment. The opportunity to cross-examine a witness does not open the door to allow questioning on matters unrelated to the testimony elicited on direct examination or for purposes other than impeachment.

**RULING: SUSTAINED IN PART, OVERRULED IN PART.**

IT IS SO ORDERED.

DATED this 8th day of May, 2017.

    /s/ John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge